1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    MARY ALLISON,                               No.  2:12-cv-00455-MCE-CMK

12                  Plaintiff,

13        v.                                      **MEMORANDUM AND ORDER**

14    E CENTER,

15                  Defendant.

16

17        Plaintiff Mary Allison ("Plaintiff") seeks relief from Defendant E Center

18   ("Defendant") for violations of state and federal law arising from Defendant's termination

19   of Plaintiff's employment.  Specifically, Plaintiff contends that Defendant unlawfully

20   refused to provide the reasonable accommodation which Plaintiff requested.  Presently

21   before the Court is Plaintiff's Motion for Leave to File First Amended Complaint pursuant

22   to Federal Rule of Civil Procedure 15(a)(2).[1]  (Pl.'s Mot., June 21, 2013, ECF No. 16.)

23   Defendant timely opposed the Motion.  (Def.'s Opp'n, July 10, 2013, ECF No. 19.)  For

24   the reasons described below, Plaintiff's Motion for Leave to File First Amended

25   Complaint is DENIED.[2]

26        [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
     otherwise stated.

27

28        [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
     on the briefs.  E.D. Cal. Local R. 230(g).

1

2

## BACKGROUND[3]

3      Plaintiff, the Center Director at the Sierra Del Oro Center, was diagnosed with

4  stage IV non-Hodgkin's lymphoma in August 2011 and received chemotherapy

5  treatments from September 2011 through December 5, 2011.  Plaintiff requested a

6  medical leave of absence for the period of September 13, 2011, to March 13, 2012, and

7  received approval from Defendant's Regional Manager for a medical leave of absence

8  through March 9, 2012.

9      Plaintiff also requested leave under the Family Medical Leave Act ("FMLA"), and

10  received approval for FMLA leave from September 13, 2011, through December 6,

11  2011.  In late November or early December of 2011, Plaintiff was informed that if she

12  was unable to return to work by the expiration of her approved FMLA leave, she would

13  need to request an extension of her medical leave by December 9, 2011.  On December

14  8, 2011, Defendant's Director of Human Resources denied Plaintiff's request because

15  extending Plaintiff's leave would place an undue hardship on Defendant.

16

## STANDARD

18

19      Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give

20  leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has noted

21  that the policy is one "to be applied with extreme liberality."  Morongo Band of Mission

22  Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  A motion for leave to amend

23  should be determined by examining four factors: (1) undue delay; (2) bad faith; (3) futility

24  of amendment; and (4) prejudice to the opposing party.  Hurn v. Ret. Fund Trust of

25  Plumbing, Heating & Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981) (citing

26  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)).

27  _____

28      [3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.
(Compl., Feb. 22, 2012, ECF No. 1.)

2

1    "[L]eave is properly denied when the amendment is 'futile' or legally insufficient to

2    support the requested relief." Letizia v. Prudential Bache Sec., Inc., 802 F.2d 1185,

3    1189 (9th Cir. 1986) (quoting Jones v. Cmty. Redevel. Agency of City of L.A., 733 F.2d

4    646, 650 (9th Cir. 1984)).

5

6                                        **ANALYSIS**

7

8          Plaintiff seeks to amend her cause of action for Wrongful Termination in Violation

9    of Public Policy ("WTPP") to include a claim that her termination was in violation of the

10   Improving Head Start for School Readiness Act of 2007 (Amended Head Start Act

11   ("AHSA")), 42 U.S.C. § 9801, et. seq.; 45 C.F.R. 1304.50(d)(1)(xi).  (Adelman Decl.,

12   June 21, 2013, ECF No. 18 at 26.)  To this end, Plaintiff seeks to add allegations that

13   she was wrongfully terminated in violation of public policy when Defendant terminated

14   Plaintiff without the approval of Defendant's Policy Council.  The Court will discuss each

15   factor of the Rule 15 analysis in turn.

16

17         **A.      Futility of Amendment**

18

19         Generally speaking, "[a]bsent prejudice, or a strong showing of any of the

20   remaining Foman factors, there exists a presumption under Rule 15(a) in favor of

21   granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052

22   (9th Cir. 2003).  However, "[f]utility alone is a sufficient basis to deny a motion to amend."

23   Ibarra v. Hedgpeth, 2013 WL 3233608 (E.D. Cal. June 25, 2013) (citing Bonin v.

24   Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

25         Plaintiff argues that her wrongful termination violated certain provisions of the

26   AHSA, and thus violated public policy.  The AHSA promotes school-readiness for low-

27   income children and requires Policy Council approval before an employee of a Head

28   Start Agency, such as Defendant, is terminated.  45 C.F.R. 1304.50(d)(1)(xi).

1   The Policy Council is a group "comprised of two types of representatives: parents of

2   currently enrolled children and community representatives." 45 C.F.R. 1304.50(b)(2).

3   Citing Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 82 (1998), Plaintiff states that "[w]hen

4   an administrative agency adopts regulations within the scope of its statutory authority,

5   the public policy embodied in those regulations can support a wrongful termination

6   claim." (Pl.'s Reply, July 18, 2013, ECF No. 20 at 2.) Plaintiff argues that because the

7   AHSA requires that the Policy Council be consulted before hiring or firing occurs, and

8   because the AHSA is a statute intended to have the public benefit of helping low-income

9   children, the Policy Council consultation policy supports a WTPP claim.

10      The rule regarding employer liability for a WTPP claim is essentially that "[a]n

11  employer may not discharge an at will employee for a reason that violates fundamental

12  public policy." Stevenson v. Super. Ct., 16 Cal. 4th 880, 887 (1997). This rule ensures

13  that employers do not abuse California's at-will employment laws by "discharging

14  employees for reasons contrary to public policy as expressed in statutory or

15  constitutional mandates." Id. at 887. Providing a cause of action for WTPP thus serves

16  as a check on employers and protects the public's interest.

17      Generally speaking, there are four broad categories of employee termination that

18  may violate public policy: where "'the employee (1) refused to violate a statute;

19  (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or

20  privilege; or (4) reported a statutory violation for the public's benefit.'" Scheu v. Charter

21  Commc'ns, LLC, 2011 WL 3204672 (C.D. Cal. July 27, 2011) (quoting Green,

22  19 Cal. 4th at 76, 78). Thus, not all statutory violations support a WTPP claim. Statutes

23  that "simply regulate conduct between private individuals, or impose requirements

24  whose fulfillment does not implicate fundamental public policy concerns" are insufficient

25  to state a claim. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 669 (1988).

26  ///

27  ///

28  ///

1   "A tortious discharge claim requires that the employee be discharged in violation

2   of a policy that is: (1) delineated in either constitutional or statutory provisions; (2) public

3   in the sense that it inures to the benefit of the public rather than serving merely the

4   interests of the individual; (3) well established at the time of discharge; and

5   (4) substantial and fundamental." Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d

6   1044, 1051 (N.D. Cal. 2004) (quoting Sullivan v. Delta Air Lines, Inc., 58 Cal. App. 4th

7   938, 942 (1997)).  Examples of such public policies that sufficiently support WTPP

8   claims are sex discrimination in employment, see Rojo v. Kliger, 52 Cal. 3d 65, 70-71

9   (1990), and age discrimination, see Stevenson, 16 Cal. 4th at 897.  While "fundamental

10  and substantial" has not been clearly defined, the court in Sullivan noted that the primary

11  reason for the fundamental and substantial requirement is "to ensure that employers

12  have adequate notice of the conduct that will subject them to tort liability to the

13  employees they discharge." Sullivan, 58 Cal. App. 4th at 943 (quoting Stevenson,

14  16 Cal. 4th. at 889).

15  Plaintiff cites to Green, 19 Cal. 4th 82 (1998) for the proposition that the regulation

16  was adopted within the scope of the AHSA's statutory authority.  (ECF No. 20 at 2.)

17  However, Plaintiff fails to note that the court in Green discussed statutorily authorized

18  regulations that furthered the Legislature's purpose of airline safety.  19 Cal. 4th at 72.

19  The court noted that while "alleged violations of internal practices that affect only the

20  employer's or employee's interest, and not the general public's interest, will not give rise

21  to tort damages," id. at 75, the public policy of airline safety affects the public interest.

22  The court found that allowing the employer to discharge the plaintiff for reporting unsafe

23  inspection practices "would only undermine the important and fundamental public policy

24  of safe air travel." Id. at 90.

25  In this case, while the policy of gaining Policy Council approval prior to employee

26  termination is clearly articulated in a statute, it is not a policy that benefits society at large

27  and is not fundamental and substantial.

28  ///

1  Because Plaintiff fails to show that these two elements are present, Plaintiff fails to

2  demonstrate how her termination is a violation of a public policy contained within AHSA.

3  Simply put, Defendant firing Plaintiff in this particular case does not affect the general

4  public's interest in promoting the school readiness of low-income children.  Accordingly,

5  terminating Plaintiff's employment without Policy Council approval constitutes no more

6  than a violation of a policy that "regulate[s] conduct between private individuals, or

7  impose[s] requirements whose fulfillment does not implicate fundamental public policy

8  concerns."  Foley, 47 Cal. 3d at 669.

9       Furthermore, Plaintiff cites to no case, and the Court is aware of none, providing

10  that a termination in violation of the AHSA's Policy Council requirement is a termination

11  in violation of public policy under California law.  Thus, Plaintiff is attempting to create a

12  new cause of action.  AHSA was not intended as a route to sue for a claim of disability

13  discrimination, and the Court will not create such a cause of action here.  As such, the

14  Court finds that amendment would be futile.  This factor alone is sufficient to deny

15  Plaintiff's Motion.

16

17       **B.      Remaining Factors**

18

19       Plaintiff argues that she did not unduly delay in seeking the proposed

20  amendment.  Plaintiff informed Defendant of her intention to seek such amendment on

21  June 12, 2013, during the course of the deposition where Plaintiff secured testimony

22  substantiating that Defendant terminated Plaintiff without the approval of Defendant's

23  Policy Council.  (ECF No. 17 at 5.)  Then, on June 20, 2013, Plaintiff received

24  Defendant's responses to Plaintiff's interrogatories.  (Id. at 2-3.)  Plaintiff contends that

25  the proposed public policy violation "was not known with certainty until Defendant

26  admitted the underlying conduct in its discovery responses."  (Id. at 3.)  Plaintiff filed this

27  Motion the next day, on June 21, 2013. (Id.)

28  ///

6

1   Thus, there is no evidence that Plaintiff unduly delayed in seeking leave to

2   amend, given that Plaintiff sought leave to amend the Complaint immediately after

3   learning about the relevant information.

4   Plaintiff also alleges that she has no bad faith in seeking the amendment, and that

5   her sole reason for seeking this amendment is to enable her to enforce her rights against

6   Defendant.  (ECF No. 17 at 5.)  According to Plaintiff, Defendant's counsel stated that

7   Plaintiff's motive in seeking the amendment was to delay the litigation.  (ECF No. 18 at

8   2.)  However, there is no evidence of Plaintiff demonstrating bad faith.  Indeed, Plaintiff

9   filed her Motion without undue delay, thus negating Defendant's alleged accusation of

10  Plaintiff's bad faith.

11  Finally, Plaintiff argues that Defendant will not be prejudiced by the amendment

12  for several reasons: Plaintiff is not seeking to add any new parties (ECF No. 18 at 3); the

13  facts surrounding the claim are the same as those which are already being litigated

14  within Plaintiff's claims of unlawful termination (and thus Defendant will not need to

15  compel any discovery uniquely associated with Plaintiff's proposed amendment); and the

16  deadline for hearing dispositive motions is not until February 6, 2014 (ECF No. 17 at 4).

17  Defendant makes no argument that it will be prejudiced.

18  While each of these factors weighs in favor of allowing Plaintiff to amend her

19  Complaint, these factors are insufficient to outweigh the problem of futility of

20  amendment.  Additionally, allowing Plaintiff to use Defendant's failure to obtain Policy

21  Council approval as the basis for a WTPP claim would create a new cause of action,

22  which this Court declines to do at this time.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

1

**CONCLUSION**

2

3          For the reasons stated above, Plaintiff's Motion for Leave to File First Amended

4    Complaint is DENIED.

5          IT IS SO ORDERED.

6    Dated:  August 5, 2013

7

8

9                                          _____

10                                         MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8